UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARO ALEXIS GARCIA GONZALEZ, (A#232-902-688),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07188-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Cuba who entered the United States and was paroled into the country on October 19, 2023. ECF No. 1, ECF No. 6-1 at 1 (I-213 Form). Since being released on parole, he married a U.S. citizen with whom he has two children. ECF No. 1. According to Customs and Border Protection, Petitioner was granted humanitarian parole until June 12, 2025. ECF No. 6-2 at 1. There is no evidence in the record that Immigration and Customs Enforcement ("ICE") made any effort to remove Petitioner from the U.S. after his humanitarian parole expired.

He was arrested by the Florida Highway Patrol and charged with misdemeanor Driving Under the Influence of Liquor on June 29, 2026, at charge that remains pending. ECF No. 6-1 at 3; ECF No. 6-4 (Rap Sheet). He was held in by Florida authorities until Immigration and Customs Enforcement ("ICE") took Petitioner into immigration custody on June 30, 2026 based on an administrative arrest warrant. ECF No. 6-3. ICE issued him a Notice to Appear administratively charging him with being removable as an immigrant not in possession of a valid visa or entry document pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 6-5 (NTA). He is currently detained in the California City Detention Facility located in this judicial district.

Petitioner filed the pending § 2241 application on August 31, 2026, raising four separate claims for relief including a due process challenge to his immigration detention without a bond hearing. ECF No. 1. Respondent filed an answer asserting that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) and that Rodriguez Vasquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not control this case because it is limited to noncitizens who entered this country without inspection. ECF No. 6.

**II. Analysis**

Regardless of the applicable detention authority, whether § 1225(b) or § 1226(a), Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process. See Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) (finding that "[n]otice and custody determination hearings . . . are the general processes required to terminate humanitarian parole"); Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *5 (E.D. Cal. Apr. 28, 2026) (analyzing Mathews factors and finding re-detention of asylum seeker without pre-deprivation notice or hearing violated due process); Jose A.C. v. Warden of the California City Corr. Ctr., No. 2:26-CV-01339-TLN-CSK, 2026 WL 1076330, at *5 (E.D. Cal. Apr. 20, 2026) (same).

In tailoring the remedy for this due process violation, the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty

or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). In the context presented by this case, post-deprivation remedies are a "special case" and appropriate only with the presence of mitigating circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S., 2026 WL 1144158, at *7 (citing Zinermon, 494 U.S. at 129). No such circumstances are in the record here. Moreover, despite being detained for over three months, Petitioner has not been provided any post-deprivation hearing before an immigration judge. For all these reasons, release on the previous conditions of supervision are the appropriate remedy.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on count one only.[1]

2. Respondent be ordered to immediately release Petitioner LAZARO ALEXIS GARCIA GONZALEZ, (A#232-902-688), based on the same conditions he was subject to immediately prior to his detention on June 30, 2026. Respondent shall not impose any additional restrictions on him unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

4. The Clerk of Court be directed to serve the California City Detention Facility with a copy of any order of release issued in this case.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after

[1] In the interests of judicial economy and based on the recommended relief, the undersigned finds it unnecessary to address the remaining claims in the § 2241 petition.

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE